Shyer v Shyer (2021 NY Slip Op 03429)





Shyer v Shyer


2021 NY Slip Op 03429


Decided on June 01, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 01, 2021

Before: Gische, J.P., Webber, Singh, Kennedy, JJ. 


Index No. 651109/18, 595921/18 Appeal No. 13964 Case No. 2021-00371 

[*1]Catherine Shyer as preliminary executrix of the estate of Robert Shyer, Plaintiff-Appellant-Respondent,
v
Christopher Shyer et al., Defendants, Zyloware Corporation, Defendant-Respondent-Appellant. _ Zyloware Corporation, Third-Party Plaintiff-Respondent-Appellant,


Pillsbury Winthrop Shaw Pittman LLP, New York (David G. Keyko of counsel), for appellant-respondent.
Kennedy Berg, LLP, New York (James W. Kennedy of counsel), for respondent-appellant.



Order, Supreme Court, New York County (Joel M. Cohen, J.), entered on or about December 28, 2020, which, inter alia, denied plaintiff's motion for summary judgment on her second cause of action, for breach of contract, insofar as it alleges that defendant Zyloware Corporation failed to redeem shares of its stock from decedent and his estate at the price set forth in its Shareholder Agreement, unanimously affirmed, without costs.
In June 2014, defendant Zyloware Corporation exercised its option to purchase seven of its shares from decedent by delivering to him notice that it was exercising the option with a calculation of the purchase price. The 2014 option notice, which decedent signed, unambiguously evinced a "clear expression of intent to modify" the contractual purchase price of the 2014 option shares by applying a 35% discount to the purchase of those shares (3607 Broadway Realty, LLC v 3607 BWY Food Ctr. Inc., 171 AD3d 421, 422 [1st Dept 2019] [internal quotation marks omitted]). However, because decedent's capacity to assent to the modification is disputed and the record is undeveloped on this point, it would be inappropriate to grant Zyloware's request to award it summary judgment upon a search of the record (see CPLR 3212[b]).
On its face, the 2014 option notice departed from the contractual pricing formula to maintain consistency with the share valuation method used when shares had previously been gifted, which creates an ambiguity as to the purpose and scope of the discount regarding whether decedent assented to modification of the pricing formula for all future share redemptions in years subsequent to 2014 and upon his death. Additionally, issues of fact exist as to whether decedent waived the contractual share pricing formula by agreeing to the discount and accepting discounted purchase prices on Zyloware's redemptions of shares in subsequent years (see id.). The extrinsic evidence does not conclusively demonstrate the 2014 option notice constituted a modification or waiver of
the share pricing formula applicable to all subsequent share redemptions.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 1, 2021